

2014 JUL 15 PM 1:13

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. |
| CAROL DENNIS | 3-14CR-273-P |

### PLEA AGREEMENT

Carol Dennis, the defendant; Navid Alband, the defendant's attorney; and the United States of America (the government) agree as follows:

1. **Rights of the defendant:** Dennis understands that she has the right

    a. to have this case presented to a grand jury

    b. to plead not guilty;

    c. to have a trial by jury;

    d. to have her guilt proven beyond a reasonable doubt;

    e. to confront and cross-examine witnesses and to call witnesses in her defense; and

    f. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty:** Dennis waives these rights and pleads guilty to the offenses alleged in Count One of the Information, charging a violation of 18 U.S.C. § 371 (Conspiracy to Commit Wire Fraud). Dennis understands the nature and elements of the crime to which she is pleading guilty, and agrees that the factual resume she has signed is true and will be submitted as evidence.

3. **Sentence:** The maximum penalties the Court can impose include:

   a. imprisonment for a period not more than five years;

   b. a fine not to exceed $250,000.00, or twice any pecuniary gain to the defendant or loss to the victim(s);

   c. a term of supervised release of not more than three years, which may be mandatory under the law and will follow any term of imprisonment. If Dennis violates the conditions of supervised release, the Court may revoke such term of supervised release and require the defendant to serve an additional period of imprisonment;

   d. a mandatory special assessment of $100.00;

   e. restitution to victims or to the community, which is mandatory under the law, and which Dennis agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

   f. costs of incarceration and supervision.

4. **Court's sentencing discretion and role of the Guidelines:** Dennis understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Dennis has reviewed the guidelines with her attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Dennis will not be allowed to withdraw her plea if her sentence is higher than expected. Dennis fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5. **Mandatory special assessment:** Prior to sentencing, Dennis agrees to pay to the U.S. District Clerk the amount of $100.00, in satisfaction of the mandatory special

assessment in this case.

6. **Defendant's agreement:** Dennis shall give complete and truthful information and/or testimony concerning her participation in the offense of conviction. Upon demand, Dennis shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding her capacity to satisfy any fines or restitution. Dennis expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him in order to evaluate her ability to satisfy any financial obligation imposed by the Court. Dennis fully understands that any financial obligation imposed by the Court, including the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of a fine, Dennis agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy defendant's full and immediately enforceable financial obligation. Dennis understands that she has a continuing obligation to pay in full, as soon as possible, any financial obligation imposed by the Court.

7. **Government's agreement:** The government will not bring any additional charges against Dennis based upon the conduct underlying and related to her plea of guilty. The government will file a Supplement in this case, as it routinely does in every case, even though there may or may not be any additional terms. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Dennis or any property.

**Plea Agreement - Page 3 of 6**

8. **Violation of agreement:** Dennis understands that if she violates any provision of this agreement, or if her guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Dennis for all offenses of which it has knowledge. In such event, Dennis waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Dennis waives objection to the use against him of any information or statements she has provided to the government, and any resulting leads.

9. **Voluntary plea:** This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

10. **Waiver of right to appeal or otherwise challenge sentence:** Dennis waives her rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and/or order of restitution or forfeiture in an amount to be determined by the district court. She further waives her right to contest the conviction, sentence, fine and/or order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Dennis, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of her plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

11. **Representation of counsel:** Dennis has thoroughly reviewed all legal and

factual aspects of this case with her lawyer and is fully satisfied with that lawyer's legal representation. Dennis has received from her lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of her rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because she concedes that she is guilty, and after conferring with her lawyer, Dennis has concluded that it is in her best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

12. **Entirety of agreement:** This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 11th day of July, 2014.

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

BRIAN D. POE
Assistant United States Attorney
Northern District of Texas
Texas State Bar No. 24056908
1100 Commerce St., Third Floor
Dallas, Texas 75242-1699
Telephone:  214-659-8670
Facsimile:  214-659-8803

For: CHAD MEACHAM
Criminal Chief

Plea Agreement - Page 5 of 6

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

x /s/ Carol Dennis
CAROL DENNIS
Defendant

Date: 4-17-14

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

/s/ Navid Alband
NAVID ALBAND
Attorney for Defendant

Date: 4/17/14